UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00306-FDW-SCR

| | |
|---|---|
| MOHAMMAD UMAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| EUBANKS & COMPANY, LLC, AND ) | |
| JENNIFER EUBANKS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, (Doc. No. 4). Plaintiff seeks both a temporary restraining order and a preliminary injunction to prohibit Defendants from: (a) taking any steps to encumber, devalue or sell the stock of TRI or any of its assets; and (b) dissipating or wasting any assets of TRI or impairing its contracts. Plaintiff filed the instant motion on May 23, 2023—the day after he filed the Complaint—and served Defendants with the motion. (Doc. No. 4). Defendants have not yet appeared in response to the Complaint or Motion, and—notably—the time for doing so has not expired.

Both temporary restraining orders and preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order may be issued only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*" while a preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1); (b)(1)(A) (emphasis added). The Supreme Court has made clear that an ex parte temporary restraining order is an extraordinary remedy: "[O]ur entire jurisprudence runs counter to

1

the notion of court action take before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 438–39 (1974). Similarly, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted); see also Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (recognizing "a preliminary injunction is an extraordinary remedy never awarded as of right"); MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (citation omitted) ("recognizing that 'preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances'").

The United States Supreme Court has stated that to obtain a temporary restraining order or a preliminary injunction, a plaintiff must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter, 555 U.S. at 20; see also Leaders of a Beautiful Struggle v. Baltimore Police Dep't, 2 F.4th 330, 339 (4th Cir. 2021). While the standards for issuing a temporary restraining order and a preliminary injunction are the same, the distinction between the two hinges on whether the Court issues the order "without notice" in a temporary restraining order pursuant to Rule 65(b) or "with notice" in a preliminary injunction pursuant to Rule 65(a). Ciena Corp. v. Jarrard, 203 F.3d 312, 320 (4th Cir. 2000) ("whether an interlocutory injunction entered is labeled a TRO or a preliminary injunction is not of particular moment, so long as the party opposing the injunction is given notice and an opportunity to oppose that is commensurate with the duration of the injunction. Thus, an interlocutory injunction entered without notice may extend only [fourteen] days with a possible [fourteen]-day extension, see Fed.R.Civ.P. 65(b), whereas an

interlocutory injunction with an unlimited term may be entered only after giving notice sufficient to enable the opposing party to prepare an opposition, see Fed.R.Civ.P. 65(a)"). "Consequently, temporary restraining orders are of limited duration, not—like preliminary injunctions—of indefinite duration." Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

As indicated by the certificate of service attached to the motion at bar, Plaintiff provided notice of the Motion to defense counsel. The Motion also fails to contain a Rule 65 Certification.[1] Taken together, this Court finds and concludes Plaintiff does not seek issuance of a temporary restraining order "without notice" pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure. Accordingly, the Court construes the instant motion as one for preliminary injunction and summarily denies that portion of the motion seeking a temporary restraining order.

This ruling is without prejudice to reassert any applicable arguments as to the merits of the motion for a preliminary injunction. In other words, the ruling here expresses no opinion as to whether Plaintiff has carried his burden to establish entitlement to the "extraordinary and drastic remedy" of a preliminary injunction. Mazurek, 520 U.S. at 972. Instead, the Court will address the motion after Defendants have been given a fair opportunity to oppose the motion and to prepare for such opposition.

IT IS THEREFORE ORDERED that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, (Doc. No. 5), is DENIED WITHOUT PREJUDICE IN PART to the extent it seeks a temporary restraining order. The Court DEFERS IN PART a ruling on the Motion

---

[1] Rule 65(b)(1)(B) provides that a court may issue a temporary restraining order without notice to the adverse party only if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required" ("Rule 65 Certification"). "The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." Parker v. Am. Brokers Conduit, No. JKB-15-3652, 2015 WL 7751664, at *2 (D. Md. Dec. 1, 2015) (quoting Tchienkou v. Net Trust Mortg., No. 3:10-CV-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010)). Plaintiff's Motion does not include Plaintiff's counsel's Rule 65 Certification, which—in addition to the service of opposing counsel—suggests Plaintiff does not seek an ex parte ruling without notice to Defendants. See Fed. R. Civ. P. 65(b).

3

to the extent it seeks a preliminary injunction. Once the motion is ripe, the Court will determine whether a hearing is necessary and issue a notice of hearing accordingly.

**IT IS SO ORDERED.**

Signed: May 24, 2023

_____
Frank D. Whitney
United States District Judge

4

Case 3:23-cv-00306-FDW-SCR   Document 6   Filed 05/25/23   Page 4 of 4