### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:23-CV-00306-FDW-SCR

| | | |
|---|---|---|
| **MOHAMMAD UMAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **JENNIFER EUBANKS AND EUBANKS &** | ) | |
| **COMPANY, LLC D/B/A CPA** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, (Doc. No. 16). This matter has been fully briefed, (Doc. Nos. 17, 18, 19), and is ripe for ruling. In short, Defendants contend this Court does not have personal jurisdiction over them and, even if it did, Plaintiff's Complaint fails to state a claim upon which relief can be granted. After reviewing the pleadings and considering the allegations in the light most favorable to Plaintiff at this preliminary stage, the Court DENIES the Motion without prejudice to Defendants' ability to reassert any applicable arguments at a later stage in the case.

### I.     Background

Plaintiff Mohammad Umar, who is a Florida resident, filed this action against Defendant Jennifer Eubanks, who is a Virginia resident, and Eubanks and Company, LLC, d/b/a CPA Department ("CPA Department"), which a Virginia company with its principal place of business in Herndon, Virginia. Since about 2012, Umar engaged Eubanks and CPA Department for professional accounting services in relation to his personal and business finances, including his ownership and operation of FedEx businesses in Florida and South Carolina. In 2022, Umar and

1

Eubanks agreed to purchase two FedEx Ground shipping businesses: Team Reflections, Inc., ("TRI") and Diverse Global Logistics, Inc., ("DGL"). Both TRI and DGL are North Carolina corporations with their principal places of business in Charlotte, North Carolina.[1]

According to the Complaint, the parties agreed Eubanks would purchase TRI and DGL using funds provided equally from Eubanks and Umar, the parties would allow time for both businesses to stabilize, and then Eubanks would subsequently transfer the TRI stock to Umar. As planned, Umar and Eubanks each provided $450,000 to an attorney's trust account for the purchase of DGL and TRI, Eubanks travelled to North Carolina to purchase the companies, and she received the stock of both companies at closing.

In connection with Umar's and Eubanks' agreement, they formed another company called Service Hustle, LLC, which is a Virginia company with its principal place of business in Reston, Virginia. Umar and Eubanks were 50% owners of Service Hustle, and it performed shared administrative services for TRI and DGL. After the purchase of the companies, Umar contends he deposited additional funds into Service Hustle's account to stabilize operations for TRI, and FedEx also deposited payments to TRI and DGL into Service Hustle's account.

When Eubanks failed to transfer the TRI stock to Umar, Umar filed the instant suit in North Carolina asserting various claims against Eubanks and CPA Department for breach of fiduciary duty, constructive fraud, unjust enrichment, conversion, accounting malpractice, breach of bailment, and breach of contract.[2] Defendants seek dismissal of the Complaint pursuant to Fed. R.

---

[1] An affidavit from Eubanks in support of the instant motion contends TRI has a principal place of business in Reston. Virginia. (Doc. No. 17-1, p. 2). The Court, however, must construe the allegations in the light most favorable to plaintiff, and the Complaint specifically alleges TRI's principal place of business is in Charlotte, North Carolina. (Doc. No. 1, p. 5).

[2] Since the filing of the Complaint, Plaintiff voluntarily dismissed her claim for specific performance. (Doc. No. 20).

Civ. P. 12(b)(2) for lack of personal jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II. Analysis

Based on the applicable standards of review and construing the allegations in the light most favorable to Umar as the non-moving party, the Court concludes Umar has made a minimally sufficient showing to establish personal jurisdiction over Defendants and has also sufficiently plead his claims against them.

"The plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the court." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016). Where "the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." Id. (emphasis omitted). In considering whether the plaintiff has met this burden, the district court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). The law allows courts to decide the motion "as a preliminary matter early in the proceeding . . . , [and] if the court denies a Rule 12(b)(2) motion under the prima facie standard, it can later revisit the jurisdictional issue when a fuller record is presented because the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following the defendant's jurisdictional challenge." Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd., 911 F.3d 192, 196–97 (4th Cir. 2018) (cleaned up). Once the parties have had the opportunity to engage in a full

discovery process, the plaintiff must carry its burden by a preponderance of evidence standard. Sec. & Exch. Comm'n v. Receiver for Rex Ventures Grp., LLC, 730 F. App'x 133, 136-37 (4th Cir. 2018) (citation and quotations omitted).

"A federal district court may exercise personal jurisdiction over a foreign corporation only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014) (citing ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 391 (4th Cir. 2012)). North Carolina state law governs the instant motion, and "[t]he North Carolina Supreme Court has held that N.C.G.S. § 1–75.4(1)(d) permits the exercise of personal jurisdiction over a defendant to the outer limits allowable under federal due process." Universal Leather, 773 F.3d at 558. Accordingly, the "two-prong test merges into the single question" of whether Umar has made a prima facie showing that Eubanks and CPA Department had sufficient contacts with North Carolina to satisfy constitutional due process. Id. at 559.

In order to satisfy due process under the Fourteenth Amendment's Due Process Clause, the court considers whether it has "'specific jurisdiction, which may be established if the defendant's qualifying contacts with the forum state also constitute the basis for the suit, or 'general jurisdiction,' which requires a more demanding showing of continuous and systematic activities in the forum state." Id. (cleaned up). The parties agree specific jurisdiction is asserted here, which requires the court to consider: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arose out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." Id. (citation omitted).

4

"As with many pretrial motions, a court has broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion." Grayson, 816 F.3d at 268. Here, the Court finds that resolution on the pleadings at this preliminary matter is appropriate and construing the pleadings liberally and in the light most favorable to him,[3] Plaintiff has made a prima facie showing of personal jurisdiction over Eubanks and CPA Department. Under this record, Eubanks has purposely availed herself of the privilege of conducting business in North Carolina through her ownership and operation of North Carolina companies TRI[4] and DGL. Furthermore, the Complaint alleges throughout that Eubanks used CPA Department as part of her operation of TRI and DGL, and the allegations suggest CPA Department purposely availed itself of the privilege of conducting business in North Carolina. See, e.g, Doc. No. 1, p. 9 ("Eubanks has insisted that she and CPA Department operate TRI and DGL"); p. 9 ("Eubanks and CPA were comingling funds intended for TRI for the benefit of DGL"); p. 10 ("Eubanks and CPA Department have demanded payment to CPA department . . . for accounting services allegedly provided for TRI"); see also Doc. No. 18-1. Although TRI and DGL not named parties here, the allegations for Umar's claims appear to arise out of Eubanks' ownership and operation, as well as CPA Department's operation, of TRI and DGL. See Doc. Nos. 1, 18-1. Under this limited record, the Court concludes the exercise of personal jurisdiction over Eubanks and CPA Department is constitutionally reasonable. For these reasons, Umar has made a sufficient showing of Defendants' *minimum*—a term that bears highlighting here—contacts with North Carolina such that this Court's exercise of personal jurisdiction over Defendants is appropriate at this juncture and under the standard of review applicable at this early stage.

---

[3] The Court has considered the pleadings, as well as the "competing" affidavits of Umar and Eubanks, which tend to support their respective positions on this issue.
[4] As noted above, TRI's principal place of business is disputed among the parties. Compare Doc. No. 1, p. 5, with Doc. No. 17-1, p. 2.

5

That, however, does not end the personal jurisdiction inquiry for this case. This parties and claims in this case appear to have an obvious connection to the Eastern District of Virginia (which may also be the principal place of business for nonparties TRI and Service Hustle), and the Court encourages the parties to engage in jurisdictional discovery as part of the litigation process. If at any time it becomes clear that Umar cannot prove by a preponderance of the evidence that specific jurisdiction is appropriate here, the Court will reconsider this ruling under a more developed evidentiary record. Umar, as the party with the burden of proof, carries the risk of dismissal at a later stage should his allegations regarding Defendants' contacts with North Carolina prove unsubstantiated. The Court would also entertain a motion to transfer venue, if appropriate.

Because the Court concludes it has personal jurisdiction over Defendants at this stage, the inquiry now turns to Defendants' arguments that Umar's complaint fails to state claims upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). In considering the motion, "the court must take the facts in the light most favorable to the plaintiff, but [the court] need not accept the legal conclusions drawn from the facts, and [the court] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (cleaned up).

In sum, Defendants contend Umar's tort claims are barred by the economic loss doctrine, his breach of fiduciary duty claim fails to allege a duty owed to him, and his accounting malpractice claim fails to allege accounting services provided by Defendants to Umar. The Court summarily concludes Umar's allegations are minimally sufficient to set forth claims—and alternative

claims—for relief. This ruling is without prejudice to Defendants' ability to reassert their legal arguments at summary judgment.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 16), is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Signed: November 2, 2023

Frank D. Whitney
United States District Judge